| District Court, City and County of Denver, Colorado<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED<br>March 25, 2025 12:23 PM<br>FILING ID: 3542E6E9ED181<br>CASE NUMBER: 2025CV31089 |
|---|---|
| **JENNIFER CULBERT,**<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**KAISER FOUNDATION HEALTH PLAN OF COLORADO**, a Colorado Nonprofit Corporation, and **COLORADO PERMANENTE MEDICAL GROUP, P.C.**, a Colorado corporation,<br><br>Defendants. | **COURT USE ONLY** |
| David H. Miller, Atty Reg. 8405<br>Victoria E. Guzman, Atty Reg. 55401<br>THE WILHITE & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Phone: (303) 551-7667<br>Facsimile : (303) 832-7102<br>dhmiller@Wilhitelawfirm.com<br>vguzman@Wilhitelawfirm.com<br>*Attorneys for the Plaintiffs* | Case No:<br><br>Division: |
| **DISTRICT COURT CIVIL SUMMONS** ||

**TO THE ABOVE-NAMED DEFENDANT: KAISER FOUNDATION HEALTH PLAN OF COLORADO**, c/o Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120. its Registered Agent.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

1

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: March 25, 2025                          /s/ David H. Miller
                                               Counsel for Plaintiff
                                               Wilhite & Miller Law Firm
                                               1600 N. Ogden Street
                                               Denver CO 80218
                                               303.839-1650

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| District Court, City and County of Denver, Colorado<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED<br>March 25, 2025 12:23 PM<br>FILING ID: 3542E6E9ED181<br>CASE NUMBER: 2025CV31089 |
| **JENNIFER CULBERT,**<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**KAISER FOUNDATION HEALTH PLAN OF COLORADO,** a Colorado Nonprofit Corporation, and **COLORADO PERMANENTE MEDICAL GROUP, P.C.,** a Colorado corporation,<br><br>Defendants. | **COURT USE ONLY** |
| David H. Miller, Atty Reg. 8405<br>Victoria E. Guzman, Atty Reg. 55401<br>THE WILHITE & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Phone: (303) 551-7667<br>Facsimile : (303) 832-7102<br>dhmiller@Wilhitelawfirm.com<br>vguzman@Wilhitelawfirm.com<br>*Attorneys for the Plaintiffs* | Case No:<br><br>Division: |
| **INDIVIDUAL AND CLASS ACTION COMPLAINT** ||

The Plaintiff, Jennifer Culbert ("Culbert"), individually and on behalf of all others similarly situated, by and through the undersigned counsel from the Wilhite & Miller Law Firm, pursuant to Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Act ("CWA"), C.R.S. § 8-4-101 et seq., and the Colorado Overtime and Minimum Pay Standards Orders, 7 C.C.R. 1103-1 (2022-2025) (collectively, "Colorado Wage and Hour Law"), as her Individual and Class Action Complaint against Defendant Kaiser Foundation Health Plan of Colorado ("Kaiser"), a Colorado Nonprofit Corporation, and Defendant Colorado Permanente Medical Group, P.C. ("CPMG"), a Colorado Corporation, (collectively "Defendants"), and states as follows:

## PARTIES

1. At all times relevant to this complaint, Plaintiff performed services and work for the Defendants in the City and County of Denver, Colorado, and in other counties in Colorado.

2. Culbert resides in Adams County, Colorado.

1

3. Plaintiff can be contacted through her undersigned counsel, the Wilhite & Miller Law Firm, located at 1600 Ogden Street, Denver, Colorado 80218.

4. Defendant Kaiser is a Colorado Nonprofit Corporation, with its principal place of business at 1 Kaiser Plz., Oakland, CA 94612.

5. Defendant Kaiser's registered agent is Corporation Service Company, which is located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

6. Defendant CPMG is a Colorado Corporation, with its principal place of business at 10350 E. Dakota Ave., Denver, CO 80247.

7. Defendant CPMG's registered agent is Corporation Service Company, which is located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

8. At all times relevant to this Complaint, the Plaintiff was an "employee" of the Defendants under Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(5).

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this civil action pursuant to Article 6 § 9(1) of the Colorado Constitution.

10. Defendant CPMG is located in this district and both Defendants conduct substantial business in this jurisdiction.

11. The facts and circumstances giving rise to the Complaint occurred in the City and County of Denver, and in other locations in the State of Colorado.

12. Venue is proper under C.R.C.P. 98 (b) and (c) because Defendant CPMG is located in this district, both Defendants conduct their business within this District, some of the services from Plaintiff that are the subject matter of this Complaint were provided in this District and other districts, and the Plaintiff seeks a penalty under the C.R.C.P. Rule 98(b)(1).

## STATEMENT OF FACTS

13. Upon information and belief, Defendants provide health care services across Boulder, Broomfield, Denver, Douglas, Gilpin, Jefferson, Larimer, Pueblo, Teller, and Weld counties in Colorado.

14. Upon information and belief, Defendants provide health care services in portions of Adams, Arapahoe, Clear Creek, Crowley, Custer, El Paso, Elbert, Fremont, Huerfano, Las Animas, Lincoln, Morgan, Otero, and Park counties in Colorado.

2

15. Defendants operate several medical offices, health centers, medical centers, and hospitals (collectively "Kaiser Centers") employing hundreds or even thousands of hourly employees in Colorado.

16. In or about September of 2018, Culbert was hired by the Defendants as a Registered Nurse at one of Defendants' Kaiser Centers in Denver.

17. Since 2018, Culbert has worked for Defendants in various roles at Kaiser Centers in Denver, Westminster, Lafayette, and Aurora, Colorado.

18. Culbert is currently employed by Defendants as a Quality/Resource Coordinator in one of its Kaiser Centers in Denver.

19. Upon information and belief Defendants operate as a closed shop and requires union membership in the United Food and Commercial Workers, Local 7, Professional and Health Care Division ("UFCW") as a condition of employment.

20. Defendants entered into a collective bargaining agreement with the UFCW, effective on October 1, 2021 ("Agreement").

21. Culbert is a union member and union steward of the UFCW.

22. Defendants offer to pay Culbert an overtime premium of 1.5 times an employee's straight time pay for all hours worked in excess of their regularly scheduled hours, or 40 in a week. For example, if Culbert is regularly scheduled to work 8-hour shifts, Culbert will receive daily overtime for all hours worked in excess of 8 for that week.

23. Defendants offer to pay Culbert various incentive payment structures to encourage her to work additional shifts, work evenings, nights, weekends, and holidays.

24. Defendants offer Culbert an extra $3.25 per hour if she works at least 3 hours between 3:00pm and 11:00pm ("Evening Rate").

25. Defendants offer Culbert an extra $5.25 per hour if she works at least 3 hours between 11:00pm and 6:00am ("Night Rate").

26. Defendants offer Culbert 1.5 times her straight time pay for all hours worked on a sixth or seventh day if she is scheduled to work for over 28 hours spanning more than five days in a row ("6th or 7th Day Rate").

27. Defendants offer Culbert an extra $3.25 per hour if she works at least 3 hours between 12:00am on Saturday and 12:00pm on Sunday ("Weekend Rate").

28. Defendants offer Culbert 2.5 times her straight time pay for the first 8 hours worked on a company designated holiday, and 1.5 times her straight time pay for all time worked in excess of 8 hours on a company designated holiday ("Holiday Rate").

3

29. The Defendants' company designated holidays are New Year's Day, Martin Luther King Jr. Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day.

30. All of the incentive payments discussed in paragraphs 24 through 28 above are shift differentials under Colorado Wage and Hour Law.

31. Culbert regularly worked shifts during which she received the Evening Rate and/or the Weekend Rate.

32. The Defendants paid time and a half of Culbert's Evening Rate, Night Rate, and Weekend Rate for overtime hours worked that week or day.

33. Culbert occasionally worked more than 28 hours spanning more than five days in a row, during which she received the 6th or 7th Day Rate.

34. Culbert occasionally worked shifts on holidays during which she earned the Holiday Rate.

35. The Defendants did not pay time and a half of Culbert's 6th or 7th Day Rate or Holiday Rate for overtime hours worked during that week or day.

36. The Defendants did not calculate Culbert's regular rate of pay for all hours worked each week using a weighted average for those hours worked in order to determine the overtime owed.

37. As a result, the Defendants failed to pay Culbert all overtime earned pursuant to Colorado Wage and Hour Law in any week she worked more than 40 hours in a week and on a company designated holiday or more than 5 days in a row.

38. When Culbert worked on a holiday, the Defendants only paid Culbert 1.5 times her straight time pay.

39. The Defendants failed to pay 2.5 times Culbert's straight time pay for the first 8 hours worked on holidays pursuant to the terms of the Agreement.

40. As a result, the Defendants failed to pay Culbert all agreed upon wages as required pursuant to Colorado Wage and Hour Law.

41. Defendants' uniform policies in applying the Agreement to Culbert violate Colorado Wage and Hour Law.

42. On information and belief, and pursuant to the Agreement, Defendants' pay policies described above were uniform with respect to all classes of hourly professional health care employees, except supervisors, who worked for Defendants as UFCW members throughout Colorado ("Class Members").

43. At all times relevant to this Complaint, Defendants were aware, or should have been aware, of the requirements of Colorado Wage and Hour Law but failed to pay all overtime owed and all

4

agreed upon wages to Culbert and the Class Members. As such, the Defendants' actions in violation of Colorado Wage and Hour Law were "willful".

44.     Culbert brings this action on her own behalf and on behalf of all such hourly workers who worked overtime during weeks they worked on company designated holidays and/or more than 5 days in a row and/ or worked on company designated holidays and were not paid as agreed.

45.     Defendants failed to pay all overtime owed and all agreed upon wages to Culbert and the Class Members in violation of Colorado Wage and Hour Law, and the Defendants are liable to Culbert and the Class Members for back overtime wages, back agreed upon wages, statutory damages and penalties, liquidated damages, reasonable attorney's fees and costs, and pre- and post-judgment interest, under the above referenced laws.

46.     By way of service of this Complaint on the Defendants, Culbert demands, on behalf of herself and all other similarly situated, the payment of all back agreed upon wages and overtime wages owed to them as a result of the above-described violations of Colorado Wage and Hour Law.

## CLASS ALLEGATIONS

47.     The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

48.     In addition to bringing her claims individually, Culbert also brings this case as a class action under C.R.C.P. 23 on behalf of the following Class Members:

   a. Over 5 Days Subclass

   All classes of hourly UFCW professional health care employees who worked in non-supervisory positions in Kaiser Centers throughout Colorado who worked more than 40 hours in a workweek or more than 12 hours in a day during workweeks in which they also worked more than five days consecutively, dating back three years from the date of filing.

   b. Holiday Subclass

   All classes of hourly UFCW professional health care employees who worked in non-supervisory positions in Kaiser Centers throughout Colorado who worked on a company designated holiday, dating back three years from the date of filing.

      i. Holiday Overtime Sub-subclass

      All classes of hourly UFCW professional health care employees who worked in non-supervisory positions in Kaiser Centers throughout

5

       Colorado who worked more than 40 hours in a workweek or more than 12 hours in a day during workweeks in which they also worked on a company designated holiday, dating back three years from the date of filing.

49. The Classes satisfy the prerequisites and requirements of C.R.C.P. 23 because:

    a. The Classes consist of at least hundreds if not thousands of employees, and individual joinder of all such employees is impracticable but easily determinable through the employment records of the Defendants;

    b. There are questions of law and fact that are common to the Class, which questions predominate over issues affecting only individual Class Members, including:

        i. Whether Defendants had a policy or practice of failing to properly compensate hourly UFCW nonsupervisory employees for overtime worked during weeks they worked more than five days consecutively;

        ii. Whether Defendants had a policy or practice of failing to properly compensate hourly UFCW nonsupervisory employees for overtime worked during weeks they worked on a company designated holiday;

        iii. Whether Defendants had a policy or practice of failing to pay hourly UFCW nonsupervisory employees as agreed for time worked on a company designated holiday;

        iv. Whether Defendants' policies or practices violated the CWA and the COMPS Order;

        v. The nature of the damages due to Class Members for Defendants' violations of the CWA and the COMPS Order; and

        vi. Whether Defendants' violations of the CWA were willful.

    c. Culbert's claims are typical of the Class Members' claims in that, like all other members of the purported class, and for the same reasons, she was not properly paid overtime during weeks she worked on company designated holidays or more than five days consecutively and was not paid as agreed for all time worked on company designated holidays.

    d. Culbert will fairly and adequately protect the interests of the Class. She has retained counsel that is experienced in wage and hour class litigation. Culbert and her counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class.

50.     The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Kaiser and potentially conflicting results for up to thousands of individual workers in matters involving relatively small individual amounts of damages.

51.     Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests.

52.     Moreover, Defendants have acted on grounds generally applicable to the Class.

53.     On information and belief, no Class Member has expressed any interest in controlling the prosecution of a separate action or commenced their own litigation.

54.     Because of the uniformity of claims alleged in this Complaint and the fact that the class claims will be the subject of representative documentary evidence and testimony that the law requires the Defendants to maintain with respect to all class members, this matter will be easy for the Court to manage within this jurisdiction and venue.

## COUNT I:
### FAILURE TO PAY ALL OVERTIME EARNED IN VIOLATION OF COLORADO WAGE AND HOUR LAW
Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. 1103-1 (2022–2025)
Against both Defendants

55.     The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

56.     At all times relevant to this Complaint, Defendants were each an "employer" covered by Colorado Wage and Hour Law. C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1, Rule 1.6.

57.     At all times relevant to this Complaint, Culbert and the Class Members were "employees" of Defendants under Colorado Wage and Hour Law. C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1, Rule 1.5.

58.     Pursuant to Colorado Wage and Hour Law, when paying overtime, an employer must take into consideration all payments received for work completed that workweek and cannot simply pay time and a half of the employee's agreed upon rate if the employee receives additional compensation such as shift differentials. *See* 7 C.C.R. 1103-1, Rule 1.8.

59.     The Defendants offered Culbert and the Class Members the 6th or 7th Day Rate and the Holiday Rate regardless of whether Culbert or the Class Members worked overtime that week.

7

60. The 6th or 7th Day Rate and the Holiday Rate payments were shift differentials paid at the rate of time and a half, or more, of Culbert's and the Class Members' agreed upon rates.

61. In workweeks that Culbert worked on a company designated holiday or more than 5 days consecutively and worked more than 40 hours total or 12 hours in a day, the Defendants failed to include the 6th or 7th Day Rate or the Holiday Rate in the calculations for the regular rate for the purposes of calculating the overtime premium due.

62. Under Colorado Wage and Hour Law, Culbert's overtime rate should have been calculated by first determining her regular rate of pay based on the total compensation paid each workweek (including the 6th or 7th Day Rate and the Holiday Rate, and the other shift differentials earned) divided by the total hours worked.

63. Each of the workweeks Culbert worked in excess of 40 hours total or 12 hours in a day and on a company designated holiday or more than five days consecutively, the Defendants erroneously failed to properly calculate Culbert's total compensation, and as such failed to pay Culbert all overtime compensation earned.

64. Culbert and the Class Members were not exempt from having to be paid overtime when working over 40 hours per workweek or 12 hours in a day. Culbert and the Class Members, however, did not receive all the overtime pay to which they were entitled under the law.

65. For example, Culbert worked overtime and more than five days consecutively during the weeks of October 15, 2023, November 5, 2023, November 12, 2023, and June 23, 2024, but was not paid overtime properly for the various shift differentials offered to her.

66. Likewise, for example, Culbert worked overtime and on a company designated holiday during the weeks of January 19, 2025, but was not paid overtime properly for the various shift differentials offered to her.

67. As a result, Culbert is owed additional overtime wages, in each week the Defendants failed to calculate her regular rate of pay, including all shift differentials earned.

68. The Class Members are similarly owed back overtime.

69. Because the Defendants were aware, or should have been aware, of the requirements of Colorado Wage and Hour Law at all times during the Relevant Period, the Defendants' violations were willful.

70. Due to the Defendants' failure to pay all overtime owed, Culbert and the Class Members are entitled to back overtime wages. The Defendants' continued failure to pay back overtime will make them liable for statutory penalties, reasonable attorney's fees, the costs of litigation, and pre- and post-judgment interest.

## COUNT II:
### FAILURE TO PAY AGREED UPON WAGES
### COLORADO WAGE AND HOUR LAW
Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. 1103-1 (2022–2025)
Against both Defendants

71. The Plaintiff hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

72. Pursuant to Colorado Wage and Hour Law, "[a]ll wages or compensation, . . . , earned by any employee in any employment, . . . shall be due and payable . . . ." C.R.S. § 8-4-103(1)(a).

73. The Defendants offered Culbert and the Class Members, double and a half time pay for the first eight hours worked on a company designated holiday, and time and a half pay for all hours worked in excess of eight on a company designated holiday.

74. When Culbert worked on a company designated holiday, the Defendants only paid her time and a half for all hours worked on a company designated holiday.

75. Each time Culbert worked on a company designated holiday, the Defendants failed to pay the agreed upon rate for the first eight hours Culbert worked.

76. As a result, for every hour worked, up to and including the eighth hour, on a Company Designated Holiday, Culbert is owed her applicable hourly rate of pay, dating back three years from the date of filing of this Complaint.

77. The Class Members are similarly owed back wages at their applicable hourly rate for every hours worked, up to and including the eighth hour, on a Company Designated Holiday, dating back three years from the date of filing this Complaint.

78. Because the Defendants were aware, or should have been aware, that they were required to pay all wages as agreed, at all times during the Relevant Period, but nevertheless failed to do so, the Defendants' violations of Colorado Wage and Hour Law were willful.

79. Due to the Defendants' failure to pay all wages as agreed, Culbert and the Class Members are entitled to back wages at their applicable hourly rate. The Defendants' continued failure to pay back wages will make them liable for statutory penalties, reasonable attorney's fees, the costs of litigation, and pre- and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Culbert, individually and on behalf of the Class Members, respectfully asks that the Court enter judgment against the Defendants and award Culbert and the Class Members:

- A. As soon as practicable, certification of this case as a class action under C.R.C.P. 23, appointment of Culbert as class representative and the undersigned attorneys from the Wilhite & Miller Law as class counsel, and notice of the action to all Class Members;

- B. A declaratory judgment condemning the Defendants' willful violations of the CWA;

- C. A preliminary injunction prohibiting the Defendants from continuing any illegal wage and hour policies and practices of failing to pay proper compensation for overtime work and failing to pay all agreed upon wages;

- D. A permanent injunction prohibiting the Defendants from continuing any illegal wage and hour policies and practices of failing to pay proper compensation for overtime work and failing to pay all agreed upon wages;

- E. Back wages reflecting the overtime compensation and agreed upon wages due to Culbert and the Class Members;

- F. All applicable statutory damages and penalties provided under the CWA;

- G. A service payment to Culbert for their services to the Class Members;

- H. Reasonable attorney's fees incurred in bringing this action;

- I. The costs of this action;

- J. Pre- and post-judgment interest;

- K. An order requiring the Defendants to pay the costs of administering any and all payments awarded to the Class Members by the Court; and

- L. Any other and further relief that may be equitable and just.

Dated March 25, 2025.

Respectfully submitted,

*/s/ David H. Miller*

David H. Miller (8405)
Victoria Guzman (55401)

10

**Wilhite & Miller Law Firm**
1600 Ogden Street
Denver, Colorado 80218
303-551-7667
dhmiller@Wilhitelawfirm.com
vguzman@Wilhitelawfirm.com

*Attorneys for Plaintiffs Jennifer Culbert, individually and on behalf of all others similarly situated*

11

☐ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED
March 25, 2025 12:23 PM
FILING ID: 3542E6E9ED181
CASE NUMBER: 2025CV31089

| | |
|---|---|
| District Court, City and County of Denver, Colorado<br>1437 Bannock Street<br>Denver, Colorado 80202<br><br>**JENNIFER CULBERT,**<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**KAISER FOUNDATION HEALTH PLAN OF COLORADO,** a Colorado Nonprofit Corporation, and **COLORADO PERMANENTE MEDICAL GROUP, P.C.,** a Colorado corporation,<br><br>Defendants. | ▲ COURT USE ONLY ▲ |
| David H. Miller, Atty Reg. 8405<br>Victoria E. Guzman, Atty Reg. 55401<br>THE WILHITE & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Phone: (303) 551-7667<br>Facsimile : (303) 832-7102<br>dhmiller@Wilhitelawfirm.com<br>vguzman@Wilhitelawfirm.com<br>Attorneys for the Plaintiffs | Case Number:<br><br><br><br><br><br>Division       Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND** ||

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☒ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☐ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   > By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

   **Or**

   ☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: 03/25/25

/s/ Jennifer Culbert
**Signature of Party**

Date: 03/25/2025

/s/ David H. Miller
**Signature of Attorney for Party (if any)**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.