# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01231-DDD-NRN

JENNIFER CULBERT,  and DOUG WARRINER

      Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN OF COLORADO,
a Colorado Nonprofit Corporation,

      Defendant.

_____

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY AND FOR THE ISSUANCE OF SANCTIONS PURSUANT TO FED. R. CIV. P. 37

_____

Plaintiffs Jennifer Culbert ("Culbert") and Doug Warriner ("Warriner") (collectively, "Plaintiffs"), through undersigned counsel, hereby move the Court to enter an order compelling Defendant Kaiser Foundation Healthcare Plan of Colorado ("Defendant" or "KFHPC") to respond to discovery and to issue Sanctions against Defendant and its counsel for Defendant's failure to comply with its discovery obligations pursuant to Rules 26, 33, & 34 of the Federal Rules of Civil Procedure and parallel failure to comply with the Court's Order dated May 13, 2026.

### COMPLIANCE WITH LOCAL RULE 7.1 and Federal Rule of Civil Procedure 37

Pursuant to Local Rule 7.1 of the United States District Court of Colorado, Plaintiffs' counsel conferred with counsel for Defendant regarding their intent to file this motion on June 17 and 18 via electronic mail.  In these conversations, and in previous

1

conversations, counsel for Plaintiff sought to obtain the requested documents and

response which are the subject of the instant motion, without seeking involvement from

the Court or filing a motion for sanctions.  Nonetheless, despite receiving repeated

assurances from Defendant and its counsel that they would be supplying Plaintiffs with

the requested responses and documents, AS DETAILED BELOW, Defendant has failed

to produce such as of the date of this motion.  O June 18 and 19, 2026,, counsel for

Plaintiffs sought Defendant's position on the filing of this motion Plaintiffs sought

Defendant's position on this motion, and Defendant opposes this motion.

### BACKGROUND

On October 3, 2025, Plaintiffs sent Defendant Kaiser Foundation Health Plan of

Colorado ("KFHPC") Plaintiff's First Set of Interrogatories and Requests for Production.

*See* Exhibit 1 – First Set of Discovery Requests to KFHPC.  Defendant issued its initial

responses to Plaintiff's discovery requests on December 3, 2025.  *See* Exhibit 2 -

KFHPC Initial Responses to Plaintiff's Discovery Requests. In its responses, KFHPC,

although referring to various documents by name, did not produce any document in

response to Plaintiff's requests for production or interrogatories.  Ex. 2.

On April 3, 2026, counsel for Plaintiff sent counsel for Defendants a letter via

electronic mail  outlining the deficiencies in Defendants' response to Plaintiff's discovery

requests, and requested that counsel for Defendants reply by  April 10, 2026, and

offered dates on which he was available to discuss Defendants' discovery responses

and related objections with counsel for Defendant. Exhibit 3– 04/04/03/2026 Letter to

Christian Rowley.     On April 17, 2026, counsel for Defendants issued a written response to counsel for Plaintiffs meet and confer letter.

Although Defendants agreed to supplement some of their responses to address counsel for Plaintiff's concerns, Defendant maintained its objections to a significant number of Plaintiff's discovery requests.  Exhibit 4– 04/17/2026 Ltr from Daniela Archila to Trent Taylor. Subsequently on April 22, 2026, counsel for the opposing parties met via videoconference to discuss the outstanding discovery issues in dispute.  Through their discussion, counsel for the opposing parties reached agreement on supplemental production of response and documents with respect to a number of Plaintiff's discovery requests, but remained at an impasse on a number of items.  Importantly, Defendants maintained their refusal to produce responses in relation to a number of Plaintiffs' interrogatories and requests for production concerning Defendant's comparative treatment with respect to its enforcement of certain employment policies, which it claimed Plaintiff Culbert had violated that Defendant used to justify its adverse treatment of Plaintiff Culbert, and ultimately terminate her employment.  *See* Ex. 4.

Specifically, Defendant refused to provide answers to plaintiffs' request for information and documents concerning: (1) the maintenance and application of its Dress Code policy to employees other than Plaintiff Culbert: (2) investigation of time card allegations involving employees in corresponding employment and discipline issued by Defendant against said employees in relation thereto; and (3) modifications granted to similarly situated employees work schedules to allow for an employee's child care and/or health care obligations.

3

Finally, Defendants agreed to produce the time and pay records for a randomized 20% sample of the putative class members.  Exhibit 5 2026-04-30 Email Chain with OC.

With Defendant still refusing to provide responses and documents to a large number of Plaintiff Culbert's discovery requests, counsel for Plaintiff reached out to the Court to schedule a discovery dispute status conference following the parties' meet and confer.  *See* D.E. # 85. On May 13, 2026, at 1:30 p.m., Magistrate Judge Neureiter, on behalf of the Court, held a discovery dispute status conference. (D.E. # 85).

Following the hearing, the Court issued an order holding that 1) Defendant was to conduct a search going three years back for complaints about improper calculations of  overtime and produce all such responsive documents to counsel for Plaintiffs; 2) conduct a search going three years back of healthcare employees in Plaintiff Culbert's former department for documents identifying schedule modifications granted to healthcare employees in Plaintiff's former department in relation to any childcare or other accommodation issue; and 3)  conduct a search and produce all names of employees who have been disciplined by Defendant for time card fraud in the past three years.

On May 22, 2026, after more than a week had passed since the Court issued its order, and with Plaintiff having received no supplemental documentation from Defendant, counsel for Plaintiffs reached out to counsel for Defendant to inquire when Defendant would be issuing supplemental responses to Plaintiff Culbert's discovery requests and producing all documents it was ordered by the Court to produce. *See*

4

Exhibit 6 May 22, 2026 email to Counsel for Defendant. In response, counsel for

Defendant stated Defendant would need an extra three weeks until June 10, 2026, to

provide supplemental responses along with the requested documents, and specifically

requested that counsel for Plaintiff not contact the court because, "there is no dispute

requiring the Court's input."  *See* Exhibit 7 May 22, 2026 Email from Par Vafeenia.

On June 9, counsel for Defendant, Daniela Archila, emailed counsel for Plaintiffs

to notify it that it was ""diligently working on preparing supplemental responses to

Plaintiff's discovery requests," but would not be able to produce the responses until

June 17, 2026.  Exhibit 8, June 9, 2026 email from Daniela Archila.

On June 17, 2026, counsel for Defendant sent counsel for Plaintiffs its

"supplemental discovery responses"., However with respect to all items the Court had

ordered Defendant to supplement and produce, Defendant simply amended its

responses to state "After a reasonable and diligent search, Defendant will produce

[responsive documents],  to each request Defendant was ordered to produce

documents in response in the Court's May 13, 2026 order, evidencing in its own

statement that it had yet to even conduct a search for the relevant documents.  Exhibit 9

2026-06-17 Supplemental Responses. In response to Defendant's failure to produce

any responsive documents as ordered by the Court in the 5 weeks following the Court's

order requiring it to do such, Plaintiffs' counsel sent counsel for Defendant an email

notifying it of Plaintiffs' intent to contact the court to schedule a discovery dispute

conference.  Exhibit 10 June 17, 2026 Email 5:15 p.m. Counsel for Defendant did not

join counsel for Plaintiff on the call with the clerk of the Court to schedule the discovery

dispute status conference, and when counsel for Plaintiff contacted it afterwards and provided it with times/dates on which the magistrate judge was available, counsel for Defendant stated it was unavailable at any time during the following week. Exhibit 11 June 18, 2026, 11:18 Email from Par Vafeenia.   In the same email, counsel again promised to produce the requested documents at a future date, this time on June 23, 2026, but simultaneously claimed that its June 17, 2026 response, which included no document production, was "consistent with the Court's order." *Id.*

In a later communication, Counsel for Defendant claimed that it had made no previous promise or guarantee to produce any documents by any specified date, stating, "We did not represent that we'd produce documents by June 17. We said we'd provide supplemental responses by this date, which we did," thus verifying it had no intent of complying with the court's order to actually search for and provide documents responsive to Plaintiff's discovery requests at any time previous. Exhibit 12, June 18, 2026 at 12:19 p.m.  As of the date of the filing of this Motion, Defendant has still failed to produce any documents responsive to the interrogatories/requests for production which the court ordered it to respond to on May 13, 2026.

## ARGUMENT

### I.    Legal Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to compel discovery and impose sanctions, including  attorneys' fees, where a party fails to comply

with its obligations. Fed. R. Civ. P. 37(a(5).  The Tenth Circuit has emphasized that discovery obligations impose an affirmative duty to engage in responsible and meaningful discovery conduct and that conduct is also  placed on counsel. *Witt v. GC Servs. LTd. P'ship.,* 307 F.R.D. 554, 560 (D.Colo. Dec. 9, 2014).  "(A).  Rule 37 further provides, "if the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(a).

In addition, Rule 26(g) requires that discovery responses be certified as "formed after a  reasonable inquiry." Fed. R. Civ. P. 26(g)(1). If a certification violates the Rule "without  substantial justification," the Court must impose an appropriate sanction on the signer, the party, or both. Fed. R. Civ. P. 26(g)(3). Rule 34 requires a responding party to conduct a reasonable search for responsive  information. See *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.,* 244 F.R.D. 614,, 626 (D. Colo. 2007)

A. <u>Defendant KFHPC, by its Own Admission, Has Failed, at the Time of This Filing, to Conduct a Reasonable Search for Documents Covered by Plaintiff's interrogatories and Request for Production.</u>

A reasonable search requires, at minimum:

- identification of relevant custodians and data sources;
- review of those sources; and
- use of reasonable search methods to locate responsive information.

7

Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners,

January 2021, *available at*

https://www.mnd.uscourts.gov/sites/mnd/files/forms/eDiscovery-Guide_1.pdf.

Defendant has failed to meet this  minimal burden.  Notably, Defendant stated in

its supplemental responses provided to Plaintiffs on June 17, 2026, in response to many

of Plaintiff's discovery requests for which the court ordered it to search for and produce

documents in response, "After a reasonable and diligent search, Defendant will produce

[responsive documents."  Ex. 9. In addition, in its email to counsel for Plaintiffs, counsel

for Defendant somewhat contradictorily claimed that it had begun to prepare to conduct

a search, but nonetheless confirmed that no search for responsive documents had

taken place, 5 weeks after the Court ordered it to produce such documents.  *See Ex*Ex.

11. (stating, "Defendant has worked extensively to identify **48 relevant custodians**,

select and hone search terms, and now has to review **22,968 emails** from the relevant

custodians that hit on the selected search terms plus the attachments to those emails in

order to determine whether they contain responsive information." Despite Defendant's

waffling position on the extent  of its search, what is clear, is that Defendant has not

completed a diligent search for or a review of responsive documents as of the date of

this filing. In certifying its supplemental responses, to Plaintiff's discovery request,

counsel for Defendant certified that it had conducted a reasonable search for all

responsive documents.   See *Ex. 9.* Rule 26(g) of the Federal Rules of Civil Procedure

requires that certification to be based on a reasonable inquiry. That requirement applies

equally to counsel, who must ensure that a proper search has been conducted before

8

certifying responses. *See* Fed. R. Civ. P. 26(g).  In the instant case, counsel for

Defendant admittedly certified its supplemental responses to Plaintiff's discovery

responses, before it had completed a reasonable search for responsive documents.

Courts routinely impose sanctions where a party certifies discovery responses

Without conducting a meaningful inquiry. *See Cache La Poudre,* 244 F.R.D. 614, 636

(D.Colo. 2007) sanctions appropriate where party failed to conduct adequate search and

produce responsive documents).  Importantly, while Defendant may attempt to argue that

it did not in fact represent that, by certifying its supplemental responses,  it had conducted

a complete search for responsive documents, and that it would complete this search at a

later date, this defense actually provides further support for Plaintiff's argument that

Defendant has willfully ignored the court's May 13, 2026 order to produce such

documents.

> **B.** <u>Defendant Has Failed to Comply with the Court's Directive to Search For and Produce Responsive Documents to Plaintiff's Discovery Requests</u>

Courts have routinely issued sanctions against a party where it has failed to obey

a court order. *See e.g. Dewey v . Hewlett Packard Co.,*  2006 WL 8460530 , *7 (D. Colo.

May 18, 2006);  *Kriegman v. Mirrow*, 2018 WL 11372828 , *4 (D. Colo. Oct. 9, 2018).

(ordering sanctions where non-parties failed to conduct a reasonable search and

disobeyed a court order requiring them to do the same).  This court expressly directed

Defendant  in its May 13, 2026, order to "conduct a good faith search" for responsive

documents and  "produce" such documents.  *See* D. E. # 85.  Despite more than 5 weeks

having passed since the Court issued its order, has failed to produce any documents in

response to the subject matters of the Court's order.   This is not a case of partial

compliance or reasonable delay, as counsel for Defendant has made multiple promises to produce the requested documents by a future date, and then failed to fulfill its promise.

These unfulfilled assurances come more than 5 months after Plaintiff Culbert first issued her discovery requests. Most importantly, counsel for Defendant indicated it had no intention of actually producing the documents by the previously promised dates, stating that ""We did not represent that we'd produce documents by June 17. We said we'd provide supplemental responses by this date." Ex. 12.m.. These statements undoubtedly evidence a lack of good faith on behalf of Defendant and its counsel in complying with the Court's order. Those supplemental responses contained none of the documents the Court ordered Defendant to produce. *See* Ex. 9.

Plaintiffs have been prejudiced by Defendant's failure to produce the requested documents. As mentioned *supra*, Plaintiff Culbert initially sent Defendant her discovery requests in November of 2025. More than 6 months have passed since that date, and Defendant has still failed to produce even one document in response to Plaintiff's discovery requests. This has significantly delayed the discovery process in this case, by preventing Plaintiffs from deposing Defendant and its relevant witnesses, because they lack necessary documents to be reviewed in advance of the depositions and to question Defendant's witnesses about *Tell v. Lea Cnty. Bd. Of Cnty. Comm'rs.,* 2026 U.S. Dist. LEXIS 21006 at * 24-25 (finding that party was prejudiced due to failure of defendant to make a meaningful search for documents).

Furthermore, in delaying this case as a whole, Defendant has affected significant injury upon Plaintiff Culbert, who as a victim of Defendant's retaliatory actions, is still

10

suffering from damages in the form of lost wages due to having received less lucrative substitute employment

Finally, simply having to make this application is prejudicial. *Starlight International Inc. v. Herlihy*, 186 F.R.D. 626,  648 (D. Kan. 1999) (delay and mounting attorney's fees can equate to prejudice). Rule 26(g) makes sanctions mandatory absent substantial justification. Rule 37 independently supports relief. Sanctions are necessary to (1) compensate Plaintiffs; (2) ensure compliance; and (3) deter similar conduct. *See Farr v. Midwest Woodworking, Inc.,* 2002 U.S. Dist. LEXIS 25148 at * 18 (Dist. Kansas. Dec. 18, 2002.  Accordingly, the Court should issue sanctions against Defendant and its counsel for failing to conduct or complete a reasonable search for responsive documents within 5 weeks of the Court's order; failing to follow the Court's order in good faith by conducting such a search and producing documents to Plaintiffs in accordance with this search; and requiring Plaintiffs to engage in additional and unnecessary work in preparing and submitting this application for an order to compel production and for issuance of sanctions.

## CONCLUSION

For all the foregoing  reasons, Plaintiffs respectfully request that the Court (1) compel Defendant to produce the documents it was ordered by the Court to produce in its May 13, 2026 order by no later than seven (7) days following the issuance of an order to compel; and (2) issue sanctions against Defendant and Defendant's counsel in an amount which reasonably compensates Plaintiffs for the additional work involved in

11

requesting the disputed documents and related efforts expended in obtaining Defendant's compliance with the Court's May 13, 2026 order.

DATED: June 22, 2026.

Respectfully submitted,

*/s/ Trent R. Taylor*
Trent R. Taylor (61007)
David H. Miller (8405)
THE WILHITE & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Phone: 303.551.7663
Fax: 303.832.7102
E-mail: dhmiller@wilhitelawfirm.com
ttaylor@wilhitelawfirm.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June 2026, I filed the foregoing Motion through the Court's electronic filing system, generating a true and accurate copy to all counsel of record.

*/s/ Leroy Moya*
Leroy Moya

12