**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-01231-DDD-NRN

JENNIFER CULBERT and DOUGLAS WARRINER,

      Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN OF COLORADO,
a Colorado Nonprofit Corporation,

      Defendant.

---

**PLAINTIFFS' MOTION FOR
CLASS ACTION CERTIFICATION**

---

Plaintiffs Jennifer Culbert, ("Culbert") and Douglas Warriner ("Warriner") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through the undersigned counsel from the Wilhite & Miller Law Firm, pursuant to Rule 23 of the Federal Rules of Civil Procedure, hereby move the Court for an order certifying this case as a class action, and state as follows:

**<u>COMPLIANCE WITH LOCAL RULE 7.1</u>**

Pursuant to Local Rule 7.1 of the United States District Court of Colorado, Plaintiffs' counsel previously contacted opposing counsel on June 22, 2026, and Defendant opposes this Motion.

1

## **INTRODUCTION**

For themselves and others similarly situated, Plaintiffs Jennifer Culbert and Douglas Warriner allege that Defendant Kaiser Foundation Healthcare Plan of Colorado ("KFHPC") violated the Colorado Wage Act ("CWA"), C.R.S. § 8-4-101 *et. seq*. and the Colorado Overtime and Minimum Pay Standards ("COMPS") Orders, 7 C.C.R. 1103-1, Rule 5.2 (2021-2024), (collectively "Colorado Wage and Hour Law"), by failing to include shift differential rates for their hours worked on a holiday and for their hours worked on a sixth or seventh consecutive day of work in the calculation of their regular rate. Plaintiffs seek to represent two Classes of individuals, under the referenced state wage and hour law, consisting of (1) hourly United Food and Commercial Workers, Local 7 ("UFCW") professional health care employees who worked in non-supervisory positions in Kaiser Centers throughout Colorado who worked more than 40 hours in a workweek or more than 12 hours in a day during workweeks in which they also worked more than five days (the "More Than 5 Day Class"); and (2) hourly UFCW professional health care employees who worked in non-supervisory positions in Kaiser Centers throughout Colorado who worked more than 40 hours in a workweek or more than 12 hours in a day during workweeks in which they also worked on a company designated holiday (the "Holiday Class"), who worked anytime between March 25, 2022, to the present ("Relevant Period"). Plaintiff also seeks the Court's leave to send the Notices as attached to this Motion to all potential class action members in both (sub)classes.

## **RELEVANT FACTS**

Defendant is a health care provider who provides services across Boulder, Broomfield, Denver, Douglas, Gilpin, Jefferson, Larimer, Pueblo, Teller, Weld, Adams, Arapahoe, Clear

Creek, Crowley, Custer, El Paso, Elbert, Fremont, Huerfano, Las Animas, Lincoln, Morgan, Otero, and Park counties in Colorado. Doc. 95-2 at ¶¶18-19.  Defendant operates medical offices, health centers, medical centers, and hospitals (collectively "Kaiser Centers") employing thousands of hourly employees in Colorado.  *Id.* ¶18. Defendant hired Plaintiff Culbert in or about September of 2018, and employed her in various positions at Kaiser centers in Denver, Westminster, Aurora and Lafayette, Colorado, until it unlawfully terminated her employment on December 9, 2025.  *Id.* ¶¶21-23.  Defendant employed Plaintiff Doug Warriner as an emergency room physician's assistant from approximately December 1979 until approximately July 30, 2025. *Id.* at ¶25. By agreement, Defendant has paid Plaintiffs and the putative class members various shift differentials to encourage them to work additional shifts, work evenings, nights, weekends, and holidays. *Id.* ¶27; Exhibit 1, Kaiser-UFCW Collective Bargaining Agreement, pgs. 31-32.  Specifically, Defendant has paid Culbert and the putative class members 1.5 times their straight time pay for all hours worked on a sixth or seventh day if any of them have been scheduled to work for over 28 hours spanning more than five days in a row ("6th or 7th Day pay").  Doc. 95-2 at ¶ 29: Ex. 1 at 31.  In addition, during all times throughout the Relevant Time Period, Defendant has paid Culbert and the putative class members 1.5 times their straight time pay for all time worked on a company designated holiday ("Holiday Rate"). Doc. 95-2 at ¶32; Ex. 1 at 31. The above premium rates are considered shift differentials which must be factored into the calculation of an employee's regular rate under Colorado law. *Hamilton v. Amazon Services LLC,* 555 P.3d 620, 626-628 (Colo. 2024).

During all times within the Relevant Time Period, Defendant has not factored in hours worked by Plaintiff or the putative class members under the 6th and 7th Day Rate or the Holiday Pay Rate into their calculation of overtime pay when the same employee has also worked in excess

of forty (40) hours in a given work week. Doc. 95-2 at ¶¶41-42; Ex. 1 at 35. As a result, Plaintiffs assert that Defendant has not paid them or any of the putative class members the legally required overtime premium for all days on which they worked in excess of 12 hours or weeks in which they worked in excess of 40 hours in the same week in which they worked either more than 5 days consecutively or on a company designated holiday. As dictated by the parties collective bargaining agreement between the union and KFHPC, Defendant's practice has been uniform with respect to all members of the putative class throughout the statutory time-period. *See* Ex. 1 at pg. 31-32

During the course of Discovery, Defendant indicated that literally hundreds of KFHPC employees worked either more than 5 consecutive days or on a company designated holiday in the same work week in which they worked in excess of forty hours or more than 12 hours on a day in the given work week. Defendant has communicated to Plaintiff's counsel that their indication of the numerosity of the putative Plaintiff (sub)classes is covered in some way by a "mediation privilege."[1] Likewise, in the course of discovery Defendant has acknowledged that hundreds of employees specifically worked on a company designated holiday in the same workweek that they

---

[1] Although Defendant claims that their communication is covered by the "mediation privilege," neither Defendant's designation of the document, nor the applicable statute governing the "mediation privilege" present any suggestion that details of the numerosity of potential class members in a class action litigation may be subjected to a "mediation privilege" simply because it is disclosed during the course of or anticipation of mediation. C.R.S. § 13-24-117(3) states, "Evidence or information, including but not limited to disclosures made pursuant to rule 16.2 of the Colorado Rules of Civil Procedure, as amended, that is otherwise admissible to a tribunal or subject to discovery does not become inadmissible or protected from discovery solely because of its disclosure or use in a [mediation]."Similarly, Colorado Rule of Evidence 408, governing admissibility of statements in settlement negotiations states, "This rule does not require the exclusion of evidence otherwise discoverable, merely because it is presented in the course of compromise negotiations." CRE 408. As a courtesy to Defendant Plaintiffs will not now disclose that communication. However, if Defendant disputes the numerosity requirement, the parties will confront that issue head-on and by failing to now attach such communications Plaintiffs do not waive their right to address the issue in their reply.

worked more than 12 hours in a day or more than 40 hours in the workweek during the Relevant Time Period. *Id.* Finally, Defendant has also acknowledged that hundreds of employees worked more than 5 consecutive days in the same workweek that they worked more than 12 hours in a day or more than 40 hours in the workweek during the Relevant Time Period. Defendant has not issued back pay to Plaintiffs or the putative class members for these violations, but has instead contested its obligation to factor the 6th or 7th day and Holiday Pay shift differentials into its calculation of overtime pay. *See* Answer to Fourth Amended Individual and Class Action Complaint, Doc. 57, Responses to Paragraphs 34, 41, & 42 of Fourth Complaint.

## STANDARD OF REVIEW

Under Fed.R.Civ.P. 23(a):

One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) The class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Further, under Fed. R. Civ. P. 23(b)(3):

Any action may be maintained as a class action if the prerequisites of [C.R.C.P. 23(a)] are satisfied, and in addition… [t]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

As soon as practicable after the filing of a class action complaint, pursuant to Rule 23(c)(1)(a), the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(a).

In reviewing a motion for class certification, "[t]he district court must undertake a 'rigorous analysis' to satisfy itself that a putative class meets the applicable Rule 23 requirements." *Menocal*,

5

882 F.3d at 913. In making such a determination, however, "the district court should construe Rule 23 liberally and resolve all doubts in favor of class certification." *Schreiber v. Nat'l Collegiate Athletic Ass'n*, 167 F.R.D. 169, 173 (D. Kan. 1996) (citing *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir.1968), *cert. denied*, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).

## ARGUMENT

I. **The Court Should Certify the Proposed "More Than 5 Days" and "Holiday Pay" Classes**

    A. The Proposed classes satisfy the Prerequisites of Fed. R. Civ. P. 23

        1. **Both the Holiday Pay and More Than 5 Days Classes Satisfy the Numerosity Requirements of Rule 23**

The two classes proposed by Plaintiff, the More Than 5 Days Class:

> All classes of hourly UFCW professional health care employees who worked in non-supervisory positions in Kaiser Centers throughout Colorado who worked more than 40 hours in a workweek or more than 12 hours in a day during workweeks in which they also worked more than five days consecutively, dating back three years from the date of filing;

and The Holiday Class:

> All classes of hourly UFCW professional health care employees who worked in non-supervisory positions in Kaiser Centers throughout Colorado who worked more than 40 hours in a workweek or more than 12 hours in a day during workweeks in which they also worked on a company designated holiday, dating back three years from the date of original filing of the Complaint.

The proposed classes as defined fulfill the first prerequisite under Fed. R. Civ. P. 23, because "[t]he [classes are] so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P. 23(a); The Tenth Circuit has stated that determining numerosity is "to be made in the particular circumstances of the case." *Rex v. Owens ex rel. State of Okla.,* 585 F.2d 432, 436 (10th

Cir.1978). "Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff[s] will suffer a strong litigational hardship or inconvenience if joinder is required." *Cook v. Rockwell Int'l Corp.,* 151 F.R.D. 378, 384 (D. Colo. 1993). *see Rex,* 585 F.2d at 435 ("Class actions have been deemed viable in instances where as few as 17 to 20 persons are identified as the class").

Here the More Than 5 Days Class consists of hundreds of members and the Holiday Pay Class also consists of hundreds of members, therefore making joinder of all plaintiffs impracticable, if not impossible, and supporting the certification of a class action as the best method for resolution of these matters.

> **2. Plaintiff Has Established Commonality of Claims for Both Classes Under Rule 23**

Both the More Than 5 Days and Holiday Pay Classes satisfy the second prerequisite of Fed. R. Civ. P. 23(a) because "there are questions of law or fact common to each class." *See* Fed. R. Civ. P. 23(a). Every question need not be common to a class as "even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (internal quotations omitted). However, "it is not just the presence of a common question that matters, but the ability of the class action device to 'resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Kennett*, 2018 WL 3145400, at *3 (quoting *Dukes*, 564 U.S. at 350).

The instant case presents several common questions of law and fact shared by the putative members to each class. Common questions to the More Than 5 Days Class include: (a) whether Defendant had a policy or practice of failing to properly compensate hourly (UFCW) nonsupervisory employees for overtime worked during weeks they worked more than five days consecutively, and or more than 12 hours in a day; (b) whether Defendant's policies or practices

7

violated the CWA and the COMPS Order; (c) the nature of the damages due to Class Members for Defendant's violations of the CWA and the COMPS Order; and (d) whether Defendant's violations of the CWA were willful.

Secondly, common questions of law and fact are shared amongst each of the putative members of the Holiday Class, including: (a) whether Defendant had a policy or practice of failing to properly compensate hourly (UFCW) nonsupervisory employees for overtime worked during weeks they worked on a company designated holiday; (b) whether Defendant's policies or practices violated the CWA and the COMPS Order; (c) the nature of the damages due to Class Members for Defendant's violations of the CWA and the COMPS Order; and (d) whether Defendant's violations of the CWA were willful.

Moreover, as Defendant has not refuted allegations that it did not have a common policy with regards to the calculation of overtime pay for weeks in which its employees worked in excess of 12 hours in a work day or in excess of 40 hours in a workweek during a week in which the employee also worked more than 5 days consecutively or on a company designated holiday, but rather contends that its practice of not factoring these shift differentials was lawful, there exists no dispute as to the commonality of the proposed classes. *See* Ex. 2 – Defendant KFHPC's Responses to Plaintiff's First Set of Discovery Requests, Resp. to Int. No. 2 (stating the calculation of its pay policies was based upon the terms of the collective bargaining agreement to which all members of the putative class were subject; Doc. 57, pg. 10). Courts have recognized that commonality may be satisfied where a plaintiff can demonstrate that the Defendant had a uniform policy that was incumbent upon or observed by a significant number of employees. *See Hicks v. Colorado Hamburger Co., Inc.*, 2022 COA 149, ¶ 38, 527 P.3d 451, 460; *Cook v. Rockwell Int'l Corp.,* 151

F.R.D. 378, 384-85 (D. Colo. 1993) ("the existence of significant common legal or factual issues is enough to satisfy rule 23(a)(2)'s threshold commonality requirement." Indeed, the fact that all of the putative class members were members of the same bargaining unit and thus covered by the same collective bargaining agreement establishes that the putative class members were subject to a uniform policy and procedure, which is now in question.

Whereas, in the instant case, because Plaintiffs have identified questions of law and fact which are common amongst each of the classes, the second prerequisite of C.R.C.P. 23(a) is satisfied for both the More Than 5 Days Class and the Holiday Pay Class.

**3. Plaintiffs' Claims on Behalf of Both the More Than 5 Days Class and the Holiday Pay Class Satisfy the Typicality Requirements of Rule 23**

Plaintiffs have fulfilled the third prerequisite of Rule 23 with respect to both the More Than 5 Days Class and the Holiday Pay Class because their claims "are typical of the claims . . . of the class." *See* Fed. R. Civ. P. 23(a); *"*[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir. 1988*); DG v. DeVaughn,* 594 F.3d 1188, 1199 (10th Cir. 2010) ("typicality exists where . . . all class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances").

Plaintiffs' claims on behalf of themselves and both the More Than 5 Days and Holiday Pay Classes satisfy the typicality requirement because, the claims asserted by each class are both, jointly and independently, based on the same legal theory, namely that Defendant failed to factor in all shift differentials in into the calculation of the overtime rates of pay for each of the individual, yet similarly situated putative class members. Thus, the alleged violations of law experienced by

9

Plaintiffs during their employment with Defendant are necessarily typical of the Class members whom they seek to represent. As explained above, Defendant has admitted that it maintained a uniform policy with respect to the calculation of the overtime rate as established through the collective bargaining agreement. *See* Ex. 2, Resp. to Int. No. 2.

Colorado Courts have held that payroll violations can be established paradigmatically through the use of employer records and thus easily permit the weeding out of individualized claims from those for general relief. *See Hicks* 2022 COA 149, at ¶43. Finally, Plaintiffs have alleged that Defendant's practice of not factoring either the 6 or 7 Day or holiday pay shift differentials into the calculation of the putative class members' overtime rates of pay was a practice established through Defendant's payroll system, and therefore Plaintiffs' claims would be typical of the class as a whole. *See Neiberger v. Hawkins,* 208 F.R.D. 301, 315 (D. Colo. 2002) ("So long as there is a nexus between the class representatives' claims or defenses and the common questions of fact or law which unite the class, the typicality requirement is satisfied"). Accordingly, Plaintiffs have met the third prerequisite of Rule 23.

### 4. Plaintiffs' Counsel will Adequately Represent Plaintiffs' and the Putative Class Members' Interest in the Class Action Litigation

Plaintiffs have also satisfied the "adequacy" prerequisite because Plaintiffs and their counsel "will fairly and adequately protect the interests of the class[es]." *See* Fed. R. Civ. P. 23(a). "Resolution of two questions determines legal adequacy: (1) does the named plaintiff and [her] counsel have any conflicts of interest with other class members, and (2) will the named plaintiff and [her] counsel prosecute the action vigorously on behalf of the class." *Pliego v. Los Arcos Mexican Restaurants, Inc.,* 313 F.R.D. 117, 126 (D. Colo. 2016) (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–1188 (10th Cir.2002). "Absent evidence to the contrary, a

presumption of adequate representation is invoked." *Id.* Also, out of this Court, *see Barlow v. Westin DIA Operator, LLC,* No. 20-cv-01612-RMR-KLM, (Colo. Oct. 20, 2021), Order on Joint Motion to Certify Class for Settlement Purposes, to Preliminarily Approve Class Action Settlement, and to Authorize Notice to Settlement Class" at 9, attached as Exhibit 3.

Plaintiffs and their counsel aver that they do not have any conflicts of interest with other class members. Doc. 95-2 . ¶ 109d. Plaintiffs' counsel, the Wilhite & Miller Law Firm, are lawyers dedicated to pursuing wage and hour class actions. They have litigated dozens of such cases, some of which include: *Hamilton v. Amazon.com Services LLC*, 555 P.3d 620 (Colo. 2024); *Barlow v. Westin DIA Operator, LLC,* No. 20-cv-01612-DDD-KLM, 2020 WL 12432191 (Colo. Dec. 2, 2020; *King v. Ocedon V, LLC*, No. 2022CV30253 (Arap. Co. Dist. Ct.); *Livingston et al., v. Newcomb, et al.*, 22CV30069 (Arap. Co. Dist. Ct.); *Bodi v. Kandle Dining Services, Inc.,* No. 22-cv-02491 (D. Colo); *Silva et al., v. Wilkin*, No. 20-cv-00256 (D. Colo.); *Pilmenstein v. Devereux*, No. 2017CV30319 (Jeff. Co. Dist. Ct.); *Bauer v. Gleenmoor County Club,* No. 2015CV30354 (Arap. Co. Dist. Ct.); *Arteaga-Gomez v. Prestige Corporate Relocation, LLC,* No. 2015CV30175 (Den. Co. Dist. Ct.); As Plaintiffs' counsel have extensive experience in the class action litigation of wage and hour claims before this Court and others, Plaintiff has satisfied the fourth prerequisite of C.R.C.P 23(a).

B. This Case May Be Maintained as a Class Action Under Fed. R. Civ. P. 23(b)(3) Because the Issues Affecting the Class Predominate over Issues Affecting only Individual Class Members.

Under Fed. R. Civ. P. 23(b)(3) a class action may be maintained only if the Court finds that questions of law or fact common to the members predominate over issues only affecting individual class members. The matters pertinent to the findings include:

11

(A) The interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) The extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) The difficulties likely to be encountered in the management of the class action.

When determining predominance, the Court looks to whether the "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). In doing so, the Court must ask "whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016) (quoting 2 William B. Rubenstein, Newberg on Class Actions § 4:49 (5th ed. 2012)). A class may be certified if a central issue that is common to the class predominates, even when "other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id*. (quoting 7AA Charles Alan Wright, et al., Federal Practice & Procedure § 1778 (3d ed. 2005)). In establishing predominance, a plaintiff may rely on a class-wide inference. *See Menocal v. GEO Grp., Inc.,* 882 F.3d 905, 918–22.

As explained *supra,* there are numerous questions of law and fact that are common to both the More Than 5 Days and Holiday Pay classes. Plaintiffs can establish that their class action claims predominate over any individual issues through several manners. First, Defendant's admission that its overtime rate calculation and compensation policies were governed by the collective bargaining agreement covering all the putative class members, strongly confirms that

12

the calculation of overtime rates for each of the putative class members  was not subject to variation between individual class members.  Second, at no point in this litigation, has Defendant contended that it did indeed factor in the 6 and 7 Day and/or Holiday Pay shift differentials into the calculation of overtime premiums for each of the class members. Finally, as courts have acknowledged violations involving payroll malfeasance, such as Defendant's calculation of Plaintiffs' and the putative class members' overtime premiums, are paradigmatic issues which permit for review and analysis on a class-wide basis.  *See, e.g., Hicks* 2022 COA 149, at ¶43; *Barlow v. Westin DIA Operator, LLC, supra,* "Order on Joint Motion to Certify Class for Settlement Purposes" at 9-11. Moreover, any variations in the facts relating to the individual Class Members likely only impact the amount of damages each Class Member will be awarded rather than the determination of liability of Defendant for a specific action.

The undersigned counsel are not aware of any class member having expressed or demonstrated any interest in controlling their own separate action or commencing any such action. *See* Doc. 95-2  at ¶ 113.  Neither, are the class members likely to do so, given the novelty of the claims or the relatively modest individual damages.

Second, trying this case as a class action will serve the interest of judicial efficiency. The Court can determine the central questions related to Defendant's liability on a class basis and then, if necessary, address individual damages questions by considering expert and/or representative evidence, by holding a separate hearing on damages, or by appointing a special master to determine each class member's damages. Denial of class certification would necessitate the filing of potentially hundreds of different lawsuits by former and current Kaiser healthcare professionals

13

with substantially similar claims, which would be both inefficient and unfair to the Class Members

and might result in conflicting findings and decisions in the different cases.

Third, concentrating litigation in this case is desirable because Plaintiffs' counsel has

already devoted a substantial amount of time and resources to investigate the Class Members'

claims. Furthermore, given the statute of limitations, many of the Class Members may never

recover the wages owed to them if this litigation does not move forward on a class-wide basis.

Undersigned counsel is not aware of any special difficulties that would prevent this Court

from deciding this case as a class action.

Thus, predominance is satisfied. and the Court should certify this case as a class action.

Additionally, because Plaintiffs' claims are typical of the putative class and because they are

adequate representatives, the Court should appoint Culbert and Warriner as Class Representatives.

C.  The Court Should Authorize Notice to the More Than 5 Days and Holiday Pay class Members

Rule 23(c)(2) provides:

> For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances …. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:(i) the nature of the action;(ii) the definition of the class certified;(iii) the class claims, issues, or defenses (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion;(vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Plaintiffs have prepared Notice and Opt-out forms (attached as Exhibits 4 and 5) which

fully satisfy the requirements of Rule 23(c)(2)(B). Plaintiffs respectfully ask that the Court allow

Plaintiffs' counsel to send these notices via U.S. Mail, e-mail, and text message to the Class Members,[2] and to conduct skip-tracing and other reasonable efforts to locate and provide such notice to Class Members during a 60-day notice period.

Plaintiffs do not currently have the contact information for all of the Class Members and as such, they respectfully ask that such information—including names, dates of employment, mailing addresses, e-mail addresses, and phone numbers—be produced by Defendant.

### **CONCLUSION**

WHEREFORE, Plaintiffs respectfully move the Court to:

(1)      certify Plaintiffs' CWA Overtime claims as a class action pursuant to Fed. R. Civ. P. 23;

(2)      Order Defendant to provide Plaintiffs with a list of all hourly non-exempt UFCW, Local 7 represented health care professionals employed by Defendant in the state of Colorado who worked either more than 12 hours in a day or more than 40 hours in a work week in the same work week which they also worked more than 5 days consecutively between March 25, 2022 and the present (More Than 5 Days List) and a list of all hourly non-exempt UFCW, Local 7 represented healthcare professionals who worked  more than 12 hours in a day or more than 40 hours in a week in the same work week in which they also worked on a company designated holiday between March 25, 2022 and the present (the Holiday Pay list), including the employees' names, last known addresses, email addresses, telephone numbers, and dates of work for each list;

---

[2] *Swanson v. Cathedral Energy Servs., Inc.*, No. 17-cv-01578, ECF No. 38 at 6 (D. Colo. Oct. 9, 2018. at p. 6) (attached as Exhibit 6, authorizing notice to be sent via text and e-mail).

(3)     Authorize Plaintiffs to send the Notices and Opt-Out Forms attached as Plaintiffs'

Exhibits 4 and 5 to all individuals in the More Than 5 Days and Holiday Pay Classes whose

information is provided by Defendant through the addresses within their above-described

contact information and provide follow-up contact to assure receipt of such Notices and

Forms;

(4)     Designate Plaintiffs Jennifer Culbert and Doug Warriner to serve as representatives

of the More Than 5 Days and Holiday Pay Classes;

(5)     Grant such other relief the Court deems just and proper.

DATED this 29th day of June, 2026.

Respectfully submitted,

*/s/ Trent R. Taylor*_____
Trent R. Taylor (61007)
David H. Miller (8405)
THE WILHITE & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Phone: 303.551.7663
Fax: 303.832.7102
E-mail: ttaylor@wilhitelawfirm.com
dhmiller@wilhitelawfirm.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June 2026, I filed the foregoing Motion through
the Court's electronic filing system, generating a true and accurate copy to all counsel of record.

*/s/ Leroy Moya*_____
Leroy Moya

16